IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-277-Z |
| | § | |
| BRITTANY RUSSELL and | § | |
| LEE McCASLAND d/b/a LEE McCASLAND | § | |
| AGENCY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Allstate's Motion for Summary Judgment. ECF No. 33. Having considered the Motions, Replies, and Responses, the Court **GRANTS** Allstate's Motion for Summary Judgment in its entirety. ECF No. 33. Defendant's Motion to Stay is **DENIED**. ECF No. 26.

### BACKGROUND

This case arises out of a pending lawsuit between Lee McCasland ("McCasland") and Brittany Russell ("Russell") in the 181st Judicial Court in Randall County, Texas (the "underlying lawsuit"). ECF No. 33 at 7; ECF No. 40 at 5. Russell filed the underlying lawsuit seeking damages for the improper disclosure, publication, and distribution of intimate material and images by McCasland to his employees. ECF No. 40 at 6. Specifically, Russell alleges that McCasland obtained private, nude pictures of Russell from her work computer following her resignation and employment with another insurance agency. ECF No. 40 at 11-12. McCasland then called Russell's former coworkers and business associates into his office to view the photographs of Russell. ECF No. 40 at 11. According to Russell, McCasland specifically intended to be malicious

and did so for the purpose and with the intent to injure and harm the image and reputation of Russell, who now worked for his competitor. ECF No. 40 at 11. Subsequently, Russell brought claims against McCasland for (1) disclosing intimate visual material under Tex. Civ. Prac. & Rem. Code Section 98B.001; (2) invasion of privacy; (3) intentional infliction of emotional distress; (4) defamation; and (5) negligence. ECF No. 40 at 15-18.

Allstate Insurance Company ("Allstate") is the liability insurance carrier for McCasland under a businessowners policy (the "Policy"). ECF No. 33 at 7. The Policy imposes a duty on Allstate to defend and a duty to indemnify an insured for covered, non-excluded claims. ECF No. 40 at 105. Importantly, the policy covers bodily injury, property damage, or personal and advertising injury and provides that Allstate will defend the insured in any suit seeking those damages. ECF No. 40 at 105. Bodily injury and property damage must result from an "occurrence," which the Policy defines as an accident. ECF No 40 at 105; ECF No. 40 at 119. Personal and advertising injury covers, in relevant part, oral or written publication that violates a person's right of privacy. ECF No. 40 at 119. It specifically *excludes* conduct committed with knowledge that the act would violate the rights of another. ECF No. 40 at 112.

Allstate filed the present action seeking a judicial declaration that it has no duty to defend or indemnify McCasland under the Policy for Russell's claims in the underlying lawsuit because (1) the alleged conduct is not an "occurrence" contemplated under the policy; and (2) the facts alleged are specifically excluded from the scope of personal and advertising injury under the Policy. ECF No. 33 at 9.

**LEGAL STANDARDS**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56(a). "A material fact is one that 'might affect the outcome of the suit'" and a "factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party must identify the basis for granting summary judgment and identify the evidence that demonstrates the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). All evidence must be viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

### ANALYSIS

Allstate asks this Court to declare that it does not have a duty to defend or a duty to indemnify McCasland in the underlying lawsuit. ECF No. 33 at 24.[1] Under 28 U.S.C. § 2201, courts "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." Because this is Court is sitting in diversity, Texas law governs this dispute. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (noting that federal courts sitting in diversity apply state substantive law and federal procedural law). Under Texas law, any insured seeking coverage "has the initial burden to establish coverage under the policy." *Ewing Constr. Co., Inc. Amerisure Ins. Co.*, 420 S.W.3d 30, 33 (Tex. 2014). Texas courts use the "complaint allegation rule" or "eight corners rule" to determine whether a carrier has the duty to defend or indemnify claims brought against an insured. *Canutillo Ind. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 99 F.3d 695, 701 (5th Cir. 1996). The rule "requires the trier of fact to examine only the allegations in the [underlying] complaint and the insurance policy in determining whether a duty to defend exists." *Id.* (citing *Gulf Chem. & Metallurgical Corp. v. Associated Metals & Minerals Corp.*, 1 F.3d 365, 369 (5th Cir.1993)).

---

[1] Defendant counterclaims asking for the inverse — a declaration that Allstate has a duty to defend and indemnify. ECF No. 12 at 7.

### A. Duty to Defend

As a preliminary matter, McCasland contends that Russell's negligence allegation constitutes a covered cause of action and invokes Allstate's duty to defend. ECF No. 39 at 8. But this argument misses the mark. The focus of a duty to defend inquiry is the "origin of damages" not the "legal theories advanced" by a plaintiff. *VRV Development L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 456 (5th Cir. 2011).

Every claim brought by Russell in the underlying lawsuit stems from McCasland disclosing the lewd photos of Russell to her former coworkers. The origin of Russell's damages is this disclosure. How the photos came to be on the computer is beside the point. Even if Russell suggests Allstate and McCasland were both negligent in failing to inform her of the computer protocol, this is not an *independent* cause of Russell's injuries. The negligent use and operation of the computer are only relevant because McCasland revealed the photos to other employees. Without McCasland's disclosure of the photos, Russell's alleged harm is nonexistent. *See, e.g., Burlington Ins. Co. v. Mexican American Unity Council, Inc.*, 905 S.W.2d 359, 363 (Tex.App.—San Antonio 5 1995, no writ) (holding that under the "concurrent causation" doctrine, there is no duty to defend when covered and excluded events combine to cause damages.)

In light of the foregoing, the crux of this duty to defend dispute is whether McCasland disclosing the photos of Russell is an "occurrence" under the Policy. Under Texas law, courts must look to the *effect* of an event to determine whether it was a covered "occurrence." *Republic National Life Insurance Co. v. Heyward*, 536 S.W.2d 549, 555 (Tex. 1976). If the effect was reasonably anticipated or one that ordinarily follows from the conduct, it is not accidental and therefore not an "occurrence." *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 828 (Tex. 1997).

In *Cowan*, a photo lab clerk disseminated revealing photographs of the plaintiff to his friends. *Id.* at 820-21. The court found he did "exactly what he intended to do" by purposefully showing the photographs to his friends. *Id.* at 827. It further noted how the invasion of the plaintiff's privacy ordinarily followed from this type of conduct and could be reasonably anticipated. *Id.* at 828. It was not accidental. *Id.*

Here, McCasland attempts to argue that this event is distinguishable from *Cowan* because it was not his intention to harm Russell. ECF No. 39 at 14-15. He only showed three female employees the photographs solely to determine why they were on his computer. ECF No. 38 at 6; ECF No. 39 at 13. He also instructed the employees not to disclose the situation to anyone and he subsequently deleted the photos. ECF No. 38 at 6. But his argument is misplaced. Who McCasland showed the photos to or why he did so is inconsequential — the act of showing the photos to another is the origin of Russell's alleged injuries, *regardless* of the circumstances surrounding the disclosure.

In other words, McCasland did "exactly what he intended to do" by purposefully revealing the photos to other employees. The invasion of Russell's privacy, among other things, ordinarily follows from this act. The present case is analogous to the situation in *Cowan*. It is therefore not an "occurrence" under the Policy.

Finally, McCasland contends that this event is covered as a personal and advertising injury under the Policy which covers "oral or written publication, in any manner, or material that violates a person's right of privacy . . . ." ECF No. 40 at 119. But it expressly excepts any personal or advertising injury "caused by or at the direction of the insured *with knowledge* that the act would violate the rights of another . . . ." ECF No. 40 at 112. (emphasis added). "[A] policy exclusion or limitation allows the insurer to avoid coverage of all claims, also within the confines of the eight-

corners rule." *Star-Tex Resources, L.L.C. v. Granite State Ins. Co.*, 553 Fed. App'x. 366, 369 (5th Cir. 2014).

As explained above, McCasland intentionally disclosed the photos to the other employees, and Russell allegedly suffered the kind of harm which ordinarily follows from this act. McCasland therefore should have reasonably anticipated and known that this act would violate Russell's rights. This instance falls squarely within the personal and advertising injury exception. Accordingly, this event is not covered as a personal and advertising injury under the Policy. The Court therefore finds Allstate does not have a duty to defend in this instance.

**B. Duty to Indemnify**

The duty to indemnify is generally independent of the duty to defend. Sometimes it is necessary to defer indemnity inquiries until the underlying liability lawsuit is resolved. *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). But the "duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*" *Id.* (emphasis in original). There must not be any conceivable facts which could establish coverage. *See id.* (describing how no facts would transform a drive-by shooting into an auto-accident). The duty to indemnify in these instances can be decided on summary judgment. *Id.*

As aforementioned, McCasland's conduct was intentional. It is undisputed that McCasland intended to show the photos of Russell to the other employees. This act alone is the origin of Russell's injuries. The injuries alleged in the underlying lawsuit ordinarily follow from this kind of act and could be reasonably anticipated. There is simply no way to transform this purposeful

disclosure into accidental conduct. Accordingly, Allstate has no duty to defend, and, for the same reasons, has no duty to indemnify McCasland.

And for these same reasons, the Court declines to exercise its discretion to stay this case. There is no conceivable set of possible facts that would trigger Allstate's duty to indemnify, so there is no reason for this court to decline to exercise its jurisdiction while waiting for the state court to develop the facts.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Allstate's Motion for Summary Judgment in its entirety. ECF No. 33. Defendant's Motion to Stay is **DENIED**. Pursuant to 28 U.S.C. § 2201, the Court **DECLARES** Allstate has no duty to defend or to indemnify McCasland or to pay any policy proceeds to Ms. Russell for any damages she might be awarded in the underlying lawsuit. Defendant's counter-claim for declaratory relief is **DENIED**.

**SO ORDERED.**

September 7, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE